Good morning, may it please the Court. My name is Salvatore Piccarello of Morgan Lewis & Bacchius. I'm here today as pro bono amicus counsel, appearing on behalf of the Petitioner, Bulmaro Chimbile. First, let me thank you and your firm for taking this on as pro bono. It's my pleasure, Your Honor. Thank you. Before I begin, I'd like to reserve just one minute for rebuttal. All right. Unless the Court has any initial questions, I'd like to begin very briefly by addressing a development that's happened subsequent to the amicus filing its opening and reply briefs. I'm referring to the motion to renew request for stay of removal that was filed by Ms. Jade Mundell, who is retained counsel for the Petitioner. Unfortunately, Ms. Mundell was unable to attend today. And given the limited scope of amicus's involvement, I was not planning on actually arguing the particular merits of the case, per se, of the renewed motion, that is. However, I would like to respond to a one particular argument that was asserted on page 3 of the government's response to that motion, because I do believe that there is significant overlap with the merits of the petition that I was prepared to argue. On page 3 of the government's response or opposition brief, on the bottom and on the footnote, it says, Mr. Felipe did not depart before that period expired on February 2, 2004, and his failure to do so precludes him from further relief. I would like to point out that this argument is the same that was adopted by the BIA as one of the alternative grounds upon which it denied Mr. Felipe's motion to reconsider, and also a ground on which it denied the motion for reconsideration. However, we submit that this conclusion is erroneous, and the government's argument is flawed, because the Court may recall that this petition or, excuse me, on January 8, 2004, the BIA affirmed the immigration judge's 2002 decision, and then subsequently on February 2, 2004, Mr. Felipe, through his new counsel, Ms. Mundell, filed a petition for review with this Court. And that docket case is 04-70465. So there was a preceding petition here, preexisting the two petitions that are up on appeal right now. And it was not until October 19, 2004, that this Court entered an order granting the Respondent's motion to dismiss for lack of jurisdiction. It had issued an OSC. And at the same time, this Court further ruled that all pending motions, which included the pending motion for a stay, that was filed concurrently with that first petition, was denied as moot. Therefore, we would submit that according to this Court's General Order 6.4c, as well as the De Leon case from 1997, the filing of that petition, along with the concurrently motion for stay, operated as an automatic temporary stay, if you will, of the departure date. And so therefore ---- Kennedy, to show the likelihood of success on the merits to get voluntary departure. Your Honor, it is my understanding that ---- Let's get to the merits of this case. This is a gentleman who claims that his daughter has nosebleeds, and as a result, he has the cancellation of removal, unusual and extreme hardship. And he claims that his attorney was ineffective because he didn't present evidence. But he doesn't now present any evidence that his attorney would have presented. So therefore, what are we talking about? Well, Your Honor, if I could, the issue ---- there's two issues. Well, actually, the court, the BIA, never really reached the merits. It was all done on procedural grounds. I was merely just pointing out, in case the court had been referring back to the BIA's original order as an alternative ground for denying the petition, that, in fact, that would not be a proper ground. Moving on, if I could, to the more, if you will, the merits of the ineffective assistance of counsel, we have ---- As long as you're addressing the merits of the ineffective assistance of counsel and going from Judge Baez's question, you weren't the one who appealed to the BIA, I suppose. Correct. Or did any of the motions in front of the BIA? That's correct, Your Honor. And you're just now in front of us? Yes. As pro bono amicus counsel, yes, Your Honor. Let me ask you a question. This may be just an Idaho thing, so I want to make sure that I don't just overreact here. Or a Pocatello thing. Or maybe even a Pocatello thing. But it seems to me you're suggesting that your client's first attorney had ineffective assistance of counsel by failing to submit any of his daughter's medical records or evidence regarding his wife's inability to support his daughter. And then when they move to the BIA and they're challenging that ineffective assistance of counsel, they do the same thing. But they don't think that's ineffective assistance of counsel. But they say that the first one was ineffective assistance of counsel. I'm having a tough time determining why one can do the same exact thing they did in front of the IJ, in front of the BIA, and you want to call it ineffective assistance of counsel. That's number one. And number two, based on I have to find under the standard of review, suffer hardship beyond that which would be ordinarily expected to result from deportation, and I still don't have any records, how I'm going to find that? Well, Your Honor, the you're correct. I was not counsel at the I was not the new the new counsel, if you will, which presented the motion to reopen and first asserted this ineffective assistance of counsel claim. The position of the of Mr. Felipe's retained counsel, and it's and we reiterated it in our opening brief as well, is that the requirements of Lozada and of the BIA's own precedent do not require the the documents to be attached in order to actually justify a further review on reopening. And we cited in our brief to the Ordenez v. INS case that's at 345F3rd. It's a 2003 case out of this circuit. And we pointed out that the BIA has not required a conclusive showing that eligibility for relief has been established. Rather, it has reopened proceedings, quote, where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening. Are you claiming, counsel, that no fleas can't be treated in Mexico? No, Your Honor. What is her condition, which is so unusual and exceptional that only treatment in the United States of America with the best medicine available in the world can treat her? Why are we why are we extending this matter? Your Honor, if I may, the question of how severe these nosebleeds are, whether it is a symptom of a more serious condition, is something I don't know, is something that has never been part of the record. But if you don't know it, then how can it be ineffective assistance of counsel for the other attorney not to have proved it? It's something we don't I don't know the ultimate the IJ himself or herself at the time said your counsel's being ineffective. That's this case, right? Yes. I mean, it was I think it's pretty clear on the record counsel was ineffective. The question I have, though, is and I also think it's pretty clear that there's no requirement under the BIA's own law about submitting the actual medical records. At that point, in fact, the BIA has gone out of its way to say time after time, we're not an evidentiary body, we don't take evidence. So the affidavit should have been sufficient. But where I'm where I'm not following you, she's still to show prejudice, she still he still has to show that there's a plausible ground for relief. And I don't see in the affidavit this meeting the standards of exceptional circumstances here, and I do think it's I think it's minimizing what's going on, say nosebleeds. I mean, sinusitis can be very, very severe and it can be symptomatic of other things. But that's not even in the affidavit. And that's where I think that's the problem that I'm seeing. Yes. I think it's quite clear from the record that counsel was hoping to reopen the matter in order to make a fuller presentation and was laboring under the impression that all she needed to do was make it worthwhile, so to speak, to reopen. And I think that's why. So what so I can't find it in the affidavit. Just let's put that aside just for a second. What offer of proof would you make? I mean, what is there more out there than the than the sinusitis? And there has to be something more. That's that does that is an ordinary consequence of being deported to Mexico, as you might not have the best health care compared to the United States. So what offer of proof would you make that there's something more? Your Honor, I just can't I can't say at this point. I do not have information that I would feel comfortable. I have no information, let alone information I would feel comfortable advising this court about her physical condition. Yeah. Alternatively, they did. He did say he could leave his daughter in the United States and she could continue to get treatment here. Yes, there was some testimony to that effect. Right. It was somewhat conflicting, I guess. Well, it was unclear what the mother's economic circumstances were and whether she'd be able to do that. Yes. OK. Well, thank you, counsel. Thank you, Your Honor. Again, thank you for volunteering to come in. My pleasure. Thank you. You did a good job on this. Good morning, Your Honors. May it please the Court, my name is Melissa Liebman on behalf of the government in this case. The petition for review should be denied. The single issue before the Court is whether the Board abused its discretion in denying Petitioner's motion for reconsideration and motion to reopen the case, where he cannot demonstrate prejudice and, furthermore, has not completed the LASADA requirements. In an ineffective assistance of counsel claim, Petitioner is evaluated based on two separate prongs of the test. First, he must demonstrate a failure of his former counsel to reform with competence. And second, he must demonstrate that his case was prejudiced by his former counsel's performance. The — it may very well be that he hasn't demonstrated prejudice, but would you agree that the BIA actually applied the wrong standard for prejudice when it said, to establish prejudice, therefore, the Respondent should have submitted evidence that was supportive of the underlying application for cancellation of removal? That's not really the standard, is it? Well, on a motion to reopen, the regulation at HCFR 1003.2 requires for a motion to reopen that a Petitioner present evidence in support of the motion to reopen. It actually says that the motion to reopen shall state new facts that will be proven at a hearing if the motion to reopen is granted. So the affidavit should suffice, because the affidavit states new facts to be proven at a hearing. It's not the evidence. But that's not even the problem I see with this. The problem with this statement, it's just erroneous under our law, which says that you can establish prejudice by showing that there's any plausible basis for relief. And some of the cases talk about that there may be a basis for relief, and the BIA did not apply that standard. The case law indicates that, does indicate that, whether or not a Petitioner demonstrates that his counsel may, I'm sorry, that he need only demonstrate plausible grounds for relief, and that he can sustain his argument if he can demonstrate that such ineffectiveness may have affected the outcome of the proceedings. In this case, Petitioner's claim is that his former counsel failed by failing to submit documentation of his claim. Therefore, in order to demonstrate that his counsel, that his case may have been affected, is grounded in whether or not such documents existed or whether or not such documents could be presented. And he could have satisfied that if the affidavit were sufficient. So really what we're going to talk about, the real question here is, was what was said in the affidavit that was submitted with the motion to reopen sufficient to demonstrate that he had a plausible claim for relief? So you have to say, so what he said in that affidavit, does that demonstrate exceptional hardship to a qualifying relative? And that's what I'm looking at with skepticism in a way, because he didn't add much more, if anything, to explain why the, why this was an exceptional case, why it would make such a difference to his daughter's health or circumstances. Well, first I would agree. The affidavit itself does not indicate what Petitioner sets out to prove, which is that his daughter would suffer exceptional and extremely unusual hardship if he were to be removed to Mexico. I would, that, the affidavit definitely does not support that argument. However, this Court has stated in low, well, there isn't. Well, in the honest truth counsel, isn't it true that if you look at the affidavit, there are no new facts that weren't known to the I.J.? That's correct, Your Honor. And therefore, the question, if in fact you don't give the BIA an emotion to reopen any more than you gave the I.J. at the bottom, and you call that ineffective assistance of counsel, you wonder whether it is. That's correct, Your Honor. The case law, which indicates that no new evidence needs to be submitted, are all cases where former counsel failed to appear, failed to admit the facts. I think this is semantic, because the affidavit is sufficient. It doesn't have to put in documents, and that's all we're talking about. If he had put it in his affidavit, it would have been, if he had put additional issues into his affidavit, that might have satisfied the role. If he had included additional evidence to support his case, he may have, he may have been able to support his case. Okay. Let me ask you about something else. The government never argues that Felipe's failure to depart by the voluntary departure date bars him from any form of discretionary relief. Why is that? Is there an actual stay, in effect, in some other case? Not that I'm aware of, Your Honor. I — whether or not that issue was addressed, I'm not sure of why that issue was not addressed in the briefing before this Court. However, the case law does demonstrate that if a Petitioner fails to depart within the voluntary departure period, he is barred from further relief. However, if the Petitioner had been able to demonstrate that he had ineffective assistance of counsel, and the case were remanded back to the IJ, that issue would most likely be considered at that level. However, in it — Boy, these immigration rules are — it's like being in a maze, isn't it? At times, Your Honor. If he could — however, at this stage, where Petitioner has not demonstrated that he merits a motion to reopen, an additional stay, that type of discretionary relief is outside the realm of what Petitioner can receive. As a practical matter — okay, so you've never argued that he can't ask for a stay, non-protonque, or anything based on his failure to depart. Government's never argued that, so it's waived. As a practical matter, what happens if we issue a decision that is in your favor? What happens to this father? Does he immediately get deported? Is there — I mean, does — I mean, as a practical matter, is some further proceeding necessary? Is he in detention right now? Petitioner is not currently detained at this time. I don't know what the exact timeline would be before he would be removed, if the government were to succeed on this case. I don't know exactly what the timeline would be. However, what would happen in this case is unclear. Petitioner has not clearly stated what he intends to do if he were removed, whether his daughter would remain here or not. And his wife, who he has acknowledged does not have status, whether she would remain here or return with him as well, it's unclear from the record. All right. Does anyone else have any questions? No, ma'am. All right. In conclusion, the board has not abused its discretion. Petitioner has not presented sufficient evidence to succeed on his claim, and therefore, the petition for review should be denied. Thank you. Thank you, counsel. Shamil Felipe versus Kessler will be submitted.
judges: Wardlaw, Bea, N.R. Smith